UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    EDCV 21-0681-ODW (KS)                                      Date: April 27, 2021

Title     _Andre Marvin Jennings v. People of the State of Riverside CA_

Present: The Honorable:     Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### INTRODUCTION

On April 16, 2021, Petitioner, a California state resident proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition"). (Dkt. No. 1.) This is Petitioner's third habeas petition with this Court. On January 6, 2020, Petitioner filed a prior petition (the "January 2020 Petition") attacking the same convictions at issue here—Petitioner's September 2018 convictions for driving under the influence and for driving with a blood alcohol concentration of .08 or higher. *Jennings v. People of the State of Riverside*, 5:20-cv-00028-ODW-KS (Mar. 24, 2020). On March 24, 2020, the Court dismissed the January 2020 Petition on the grounds that it was wholly unexhausted. *Id.* at Dkt. Nos. 11, 13-14. On May 5, 2020, Petitioner filed a second petition (the "May 2020 Petition") in which he again attacked his 2018 convictions. *Jennings v. People of the State of Riverside*, 5:20-cv-00971-ODW-KS (Dec. 2, 2020). On December 2, 2020, the Court dismissed Petitioner's May 2020 Petition on the grounds that the Petition was wholly unexhausted and Petitioner had failed to oppose a motion to dismiss. *Id.* at Dkt. Nos. 26, 30.

The instant Petition presents the same arguments for federal habeas relief as Petitioner's May 2020 Petition: (1) "A audio recorder from dispatch to the officer, edited video I received from the attorney told by the attorney wasn't able to file for a rehearing, attorney quit my case and kept my money;" (2) "Riverside County Public Defender Bureau of Investigations report witness report they switch the story around;" (3) "The attorney told me it was his decision whether he wanted to file a rehearing ineffective of counseling;" (4) "I paid the attorney $3,500 and he quit and kept my money because he didn't have time to go back and forth to trial"; and (5) "Security said they found an open container in my truck they never reported it to the officer." (Petition at 5-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-0681-ODW (KS)                                       Date: April 27, 2021

Title   _Andre Marvin Jennings v. People of the State of Riverside CA_

6) (errors in original).  Although the Petition indicates that Petitioner presented all five claims to the California Supreme Court, the Court's review of the California Supreme Court's website reveals that no one with Petitioner's name has filed a petition of any kind with the California Supreme Court.[1]  Additionally, the Petition appears to be untimely by several months and does not state whether Petitioner is currently in the custody of Respondent, the County of Riverside.

For the reasons stated below, the Court finds that there are numerous defects with the Petition, and Petitioner is ordered to show cause no later than May 11, 2021 why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**APPLICABLE LAW**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  _Boyd v. Thompson_, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  _Id._ at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it, as well as an opportunity to respond to the argument for dismissal.  _Id._

For the reasons stated below, the Court finds that the Petition is subject to dismissal under Habeas Rule 4.  Accordingly, this Order constitutes notice to Petitioner of the four defects of the Petition and the consequences for his failure to correct them.  Petitioner is ordered to file a First Amended Petition remedying all four defects identified in this Order to continue this action.
\\
\\

---

[1]     Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  _See Smith v. Duncan_, 297 F.3d 809, 815 (9th Cir. 2001), _overruled on other grounds by Pace v. DiGuglielmo_, 544 U.S. 408, 418 (2005); _Williams v. Jacquez_, No. CV 09-2703 DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 21-0681-ODW (KS)                              Date: April 27, 2021

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

**FIRST DEFECT:  THE PETITION IS FACIALLY UNTIMELY**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed any specific alternative commencement date under Section 2244(d)(1).  It is unclear from the Petition whether Petitioner appealed his sentence and/or conviction and, if so, to which courts and when they issued their decisions.  However, the Petition states that Petitioner was convicted on March 26, 2017 and the final decision on direct review by any court concerning his conviction was August 13, 2019.  (Petition at 2-3.)  Accordingly, in the absence of tolling, Petitioner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-0681-ODW (KS)                                         Date: April 27, 2021

Title    *Andre Marvin Jennings v. People of the State of Riverside CA*

sentence and conviction became final no later than November 11, 2019—that is, 90 days from the date of his conviction.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of direct review includes period in which the petitioner can file a petition for a writ of certiorari from the U.S. Supreme Court, regardless of whether the petitioner does in fact file such a petition).

Additionally, according to the Petition, Petitioner filed one habeas petition in California state court on February 20, 2020, which was denied 28 days later on March 19, 2020.  (Petition at 2-3.)  Assuming *arguendo* that Petitioner is entitled to statutory tolling of the statute of limitations for the 28-day period in which his state habeas petition was pending, the statute of limitations began running on November 12, 2019 and expired no later than December 9, 2020:  one year and 28 days later.  However, Petitioner waited until April 12, 2021, four months after the statute of limitations expired, to place the Petition in the mail.  (*See* Petition at 8.)

Furthermore, the Petition does not suggest that Petitioner is entitled to equitable tolling of the statute of limitations, and the fact that Petitioner filed two habeas petitions in 2020—well within the statute of limitations—and was repeatedly notified by the Court about the defects in his pleadings and how to correct them indicates that there were no extraordinary circumstances that prevented him from timely filing this action.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).   Accordingly, it appears from the face of the Petition that the action must be dismissed as untimely.

**SECOND DEFECT:  THE PETITION APPEARS WHOLLY UNEXHAUSTED**

A federal court also will not entertain a habeas corpus petition until the petitioner has exhausted the available state judicial remedies on every ground presented in the petition—that is, until the state courts have had the opportunity to review the claim and provide any necessary relief.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999);  *Rose v. Lundy*, 455 U.S. 509, 515, 518-22 (1982).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan*, 526 U.S. at 845.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-0681-ODW (KS)                                             Date: April 27, 2021

Title    *Andre Marvin Jennings v. People of the State of Riverside CA*

      The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Exhaustion requires that a petitioner's claim be fairly presented to the state supreme court, even if that court's review is discretionary.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  A claim is fairly presented only if the petitioner described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971)); *Andrews v. Davis*, 798 F.3d 759, 789 (9th Cir. 2015).  Additionally, a claim is not exhausted until the petitioner knows the outcome of the state court proceedings.  *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013); *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983).

      As stated above, the Court takes judicial notice of Petitioner's state court filings—or lack thereof.  *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010).  According to the California state courts' website, no one with Petitioner's name has filed either a petition for review or a habeas petition with the California Supreme Court.  *See* Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov (last visited Apr. 26, 2021).  Further, the Court previously warned Petitioner in connection with both the January and May 2020 Petitions that his claims appeared to be wholly unexhausted and, as a result, subject to dismissal, and the Court instructed Petitioner on how to request a stay.  *See, e.g., Jennings v. People of the State of Riverside*, 5:20-cv-00028-ODW-KS (Dkt. Nos. 5, 7, 11); *Jennings v. People of the State of Riverside*, 5:20-cv-00028-ODW-KS (Dkt. Nos. 4, 21, 23).  Petitioner failed to comply with the Court's orders in those cases and, in filing the instant Petition without first proceeding to the California Supreme Court, he continues to ignore the Court's prior warnings and instructions.

      Nevertheless, out of an abundance of caution and in the interests of justice, the Court grants Petitioner one <u>final</u> opportunity to establish that the state court exhaustion process is, in fact, complete or request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner wishes to request a stay, he must include with his First Amended Petition a signed document entitled "Request for a *Rhines* Stay" in which he establishes all three of the following:  (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     EDCV 21-0681-ODW (KS)                                      Date: April 27, 2021

Title     *Andre Marvin Jennings v. People of the State of Riverside CA*

"potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*").

### THIRD DEFECT: PETITION FAILS TO ESTABLISH THAT PETITIONER IS IN CUSTODY AND, THEREFORE, THAT THE COURT HAS JURISDICTION

The Petitioner's third defect is its failure to establish that the Court has subject matter jurisdiction. Although the Petition indicates that Petitioner was sentenced in 2018, it does not identify whether he is currently in custody of the State of California or the County of Riverside or whether Petitioner was sentenced to state prison, Riverside County jail, and/or a term of probation. (*See generally* Petition at 2.)

The federal habeas statute, 28 U.S.C. § 2254, confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person "*in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). Habeas relief is <u>not</u> available for a state prisoner's claims that do not challenge "the fact or duration" of the petitioner's custody, *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973), and the custody requirement is jurisdictional. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).

Significantly, the "in custody" requirement is not limited to incarceration. To the contrary, a petitioner may be "in custody" if he is currently released on parole or serving a term of probation. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), *cert denied*, 493 U.S. 809 (1989). However, Petitioner has not alleged that he is in prison, in jail, on parole, on probation, or otherwise subject to any significant restraints imposed by Respondent in connection with his conviction and sentence. (*See generally* Petition.) Therefore, the Petition fails to establish that the Court has jurisdiction to consider the Petition, and it must be dismissed pursuant to Habeas Rule 4. *See Bailey*, 599 F.3d at 978.

\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-0681-ODW (KS)                              Date: April 27, 2021

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

**FOURTH DEFECT:  PETITION DOES NOT SATISFY THE PLEADING STANDARD OF HABEAS RULE 2**

The fourth defect in the Petition is that Petitioner's grounds for habeas relief do not satisfy the pleading standard of Habeas Rule 2.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).  Habeas Rule 2(c) imposes a "more demanding" pleading standard.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error."  Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.  Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The Petition violates Habeas Rule 2.  It is impossible to determine from the face of the Petition the nature and substance of Petitioner's claims for habeas relief.  With the exception of two vague references to "ineffective of counseling" (Petition at 5, 6), Petitioner identifies no clear legal theory or constitutional provisions underpinning his grounds for habeas relief nor does he explain how the alleged wrongdoing by various actors undermines the constitutionality of either the fact or duration of his custody—assuming he is in custody.  Ground One, for example, is a jumble of different allegations:  that defense counsel should have but did not use a video or audio recording; that the video or audio recording was edited by the District Attorney; and that evidence, which would have been rebutted by the video or audio recording, was introduced at his trial.  (*See* Petition at 5.)  Ground Two is similarly defective, asserting that an unspecified "they" "switch[ed] the story around," and "video recording was edited," and, even more confusingly, "the attorney send me made on youtube."  (*See* Petition at 5 (errors in original).)  The Court has reviewed the numerous attachments to the Petition, but they shed no additional light on the legal theories underpinning Petitioner's claims for relief and the facts supporting them.  Petitioner's allegations are too vague and confusing to point to "a real possibility of constitutional error."  *See* Advisory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-0681-ODW (KS)                                      Date: April 27, 2021

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

**ORDER TO SHOW CAUSE**

In sum, the Petition is subject to dismissal under Habeas Rule 4 on the grounds that it is untimely, wholly unexhausted, does not establish that the Court has subject matter jurisdiction (*i.e.*, that Petitioner is in "custody" within the meaning of the habeas statute), and falls short of the pleading standard of Habeas Rule 2. The Court pointed out many of these same defects to Petitioner previously, and yet Petitioner has effectively re-filed the May 2020 Petition without amendment. *See, e.g., Jennings v. People of the State of Riverside*, 5:20-cv-00971-ODW-KS (Dkt. No. 4).

In light of the foregoing, **Petitioner is ORDERED TO SHOW CAUSE no later than May 11, 2021 why the Petition should not be dismissed for all of the foregoing reasons.**

**To discharge this Order and proceed with this action, Petitioner shall file, no later than the May 11, 2021 deadline, a First Amended Petition that <u>does all of the following</u>**:

(1) Articulates specific factual allegations demonstrating that <u>either</u> the Petition is timely under 28 U.S.C. § 2244(d)(1) <u>or</u> that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition; **and**

(2) Establishes that Petitioner meets the "in custody" requirement of the federal habeas statute by clearly explaining how he is in the custody of Respondent and/or the nature and duration of his sentence; **and**

(3) States with precision the constitutional provisions or doctrines underpinning each claim for habeas relief and clearly explains "the relationship of the facts to [each] claim asserted," including how the allegations undermine the validity of the fact or duration of his custody, without relying on vague or conclusory allegations; **and**

(4) <u>Does one of the following:</u>
   a. establishes that the California Supreme Court considered and adjudicated <u>all</u> of Petitioner's claim(s) for federal habeas relief; or
   b. requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and establishes <u>all three of the following</u> in support of the stay request:

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-0681-ODW (KS)                                      Date: April 27, 2021

Title   _Andre Marvin Jennings v. People of the State of Riverside CA_

      i. there is "good cause" for Petitioner's failure to exhaust his claim(s) for relief;
      ii. the unexhausted claim(s) are "potentially meritorious;" and
      iii. Petitioner has not engaged in "intentionally dilatory litigation tactics."

Petitioner is strongly encouraged to use the Central District's form habeas petition, which the Clerk is directed to send Petitioner with this Order. Any First Amended Petition may not refer to Petitioner's earlier pleadings or assume the reader's familiarity with the Petition or any of its attachments—or any of his prior cases. Any claims included in the Petition but omitted from the First Amended Petition will be deemed abandoned.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that corrects all of the foregoing defects will result in a recommendation of dismissal.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED**.

                                                                                 :
**Initials of Preparer**   gr